**UNITED STATES DISTRICT COURT**
**SOUHTERN DISTRICT OF NEW YORK**
------------------------------------------------------X

JOSEPH NIERSTEDT,                                    Index No. _____

      Plaintiff,                                    **COMPLAINT**

      v.                                             **JURY TRIAL DEMANDED**

TIMOTHY POWELL,
PORCH TO STOOP HOSPITALITY LLC
D/B/A DELIVERY ONLY,
ERIC HORSTMEYER, and
JOHANNES R. HENNCHE,

      Defendants.
------------------------------------------------------X

      Plaintiff Joseph Nierstedt ("Plaintiff" or "Mr. Nierstedt") by his undersigned counsel,

Tatko Law Firm, PLLC, and for his Complaint in this matter, hereby alleges as follows:

<u>**PRELIMINARY STATEMENT**</u>

      1.    This action arises out of Defendants' Timothy Powell ("Mr. Powell"), Porch To

Stoop Hospitality LLC D/B/A Delivery Only ("Delivery Only"), Eric Horstmeyer ("Mr.

Horstmeyer"), and Johannes R. Hennche ("Mr. Hennche") (Mr. Powell, Delivery Only, Mr.

Horstmeyer, and Mr. Hennche, collectively, "Defendants") conduct in soliciting and selling

limited liability company equity interest to Mr. Nierstedt in violation of federal securities laws

and New York state law, and Delivery Only's failure to refund Mr. Nierstedt's equity investment

after his termination of employment as contractually required.

      2.    Mr. Nierstedt brings this action seeking full repayment of his equity investment in

Delivery Only, plus interest, damages, pre-judgment and post-judgment interest, attorneys' fees,

and costs, for which each of the Defendants are jointly and severally liable.

## JURISDICTION AND VENUE

3.      Jurisdiction of this action is conferred upon the Court pursuant to Section 22(a) of the Securities Act of 1933, as amended (the "Securities Act"), Section 27 of the Securities Exchange Act of 1934, as amended (the "Exchange Act"), and Rule 10b-5, codified as 17 C.F.R. 240.10b-5, promulgated thereunder by the Securities and Exchange Commission ("SEC").

4.      This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

5.      Venue is proper in the Southern District of New York under 28 U.S.C. § 1391, as this action is founded under the Securities Act, the Exchange Act, and a substantial part of the events or omissions giving rise to the claims occurred in the Southern District of New York.

## PARTIES

6.      Plaintiff Joseph Nierstedt is an individual residing in Brooklyn, New York.

7.      Upon information and belief, Defendant Porch To Stoop Hospitality LLC D/B/A Delivery Only is a New York limited liability company with its principal place of business in New York, New York.  At all times relevant to this action, Delivery Only conducted business at 126 Pearl Street, New York, New York.

8.      Upon information and belief, Defendant Timothy Powell has been, at all relevant times, an owner, member, manager, and/or officer of Delivery Only, and resides in New York, New York.

9.      Upon information and belief, Defendant Eric Horstmeyer has been, at all relevant times, an owner, member, and/or officer of Delivery Only.

10.     Upon information and belief, Defendant Johannes R. Hennche has been, at all relevant times, an owner, member, and/or officer of Delivery Only.

## FACTUAL ALLEGATIONS

11.     Mr. Nierstedt was hired by Delivery Only as an employee, initially holding the position of sous chef.  In January 2016, Mr. Nierstedt was promoted to the position of Executive Chef.

12.     In January 2016, Delivery Only prepared and provided an employment engagement letter agreement to Mr. Nierstedt (the "Engagement Letter").  Mr. Nierstedt and Delivery Only executed the Engagement Letter on or about February 3, 2016.

13.     Delivery Only and the individual Defendants solicited and offered Mr. Nierstedt to purchase equity in Delivery Only pursuant to Section 3.b of the Engagement Letter, which provides as follows:

> b.     **Equity Purchase.**   For so long as Chef remains employed, Chef shall have the opportunity to acquire an equity stake ("Share") in the Operation of three percent (3%) for the sum of **FIFTEEN THOUSAND DOLLARS ($15,000.00)** based on an agreed upon valuation of $5000 for each percentage point purchased.  The parties agree that Chef shall pay $7500 upon execution of this agreement and acquire the corresponding equity stake associated therewith.   Following six (6) months of employment, the parties shall meet to discuss the elements of this contract including additional equity payments for the Share and salary.  It is understood that Chef's equity stake outlined herein shall only apply to the Operation and not any other locations that PTS may choose to open.
>
> Subject to the conditions stated in Section 4 below, and upon receipt of the full payment for the Share, PTS agrees to award Chef with one additional Share valued at $5000.00 which will result in Chef owning a 4% equity stake in PTS.

14.     Section 4 of the Engagement Letter provides that, in the event of Mr. Nierstedt's termination during the Probation Period of a period of one (1) year, Mr. Nierstedt is entitled to the full return of his equity investment, stating as follows:

3

In the event PTS or Chef elect to terminate this Agreement during the Probation Period, PTS agrees to refund Chef the Equity Payments made up to the date of separation.  Following the expiration of the Probation Period, in the event Chef elects to voluntarily terminate this Agreement for any reason, then it is agreed that PTS shall have the right, but not the obligation, to buy out chef's Share at a total valuation of $15,000.00.

15.     On January 25, 2016, Mr. Nierstedt, Mr. Powell, Mr. Horstmeyer, and Mr. Hennche had a meeting at a cigar lounge in Manhattan.  During this meeting, Defendants made representations regarding Delivery Only and solicited Mr. Nierstedt's equity investment.

16.     Also, on January 25, 2016, Mr. Horstmeyer sent correspondence via electronic mail to Mr. Nierstedt, Mr. Powell, and Mr. Hennche inclusive of a spreadsheet titled "Delivery Only Model" containing items such as financial projections and five-year operating projections, among other things.

17.     Defendants' conduct in connection with the above meeting and communication on January 25, 2016 induced Mr. Nierstedt to enter into the Engagement Letter and make an equity investment in Delivery Only.

18.     Mr. Nierstedt made two separate equity investments in Delivery Only in the amounts of $7,500.00 and $450.00, for a total equity investment of $7,950.00.

19.     Mr. Nierstedt's equity investment in Delivery Only comprises the sale of a security under the Securities Act and Exchange Act.

20.     Upon information and belief, the equity interest sold to Mr. Nierstedt is not registered under applicable federal securities laws and regulations.

21.     Mr. Nierstedt is not an "accredited investor" under applicable federal securities laws.

4

22.     In connection with Defendants' solicitation and offer to sell securities to Mr. Nierstedt, Defendants failed to provide Mr. Nierstedt with any limited liability company operating agreement for the company, nor did Mr. Nierstedt sign any operating agreement or subscription agreement with regard to his investment.  In addition, Defendants did not provide Mr. Nierstedt with standard disclosures, such as a prospectus, private placement memorandum, or similar documentation explaining the risks related to his investment.  Further, Defendants affirmatively misrepresented and did not disclose material facts about the company to Mr. Nierstedt at the time of his investment, which would have changed Mr. Nierstedt's decision to invest in Delivery Only.

23.     Specifically, and without limitation, Defendants' representations made during the meeting and in the materials distributed on January 25, 2016 were later discovered to be demonstrably false, including the five-year operating projections providing for positive net income and cash flows starting in Year 1 through Year 5.  Upon information and belief, Delivery Only ceased business operations in early 2017.

24.     On June 15, 2016, Mr. Nierstedt's employment with Delivery Only terminated during the Probation Period.  This triggered the provisions of Section 4 of the Engagement Letter requiring Delivery Only to refund Mr. Nierstedt's Equity Payments made up to the time of his separation.

25.     Delivery Only has repeatedly acknowledged the amounts owed to Mr. Nierstedt under the Engagement Letter.  However, Discovery Only has only repaid a total of $2,000.00 to Mr. Nierstedt, leaving an unpaid balance of $5,950.00.

26.     After many months of endeavoring to reach a fair and reasonable outcome with Defendants to no avail, Mr. Nierstedt hereby brings this action to redress the damages caused by Defendants' improper and unlawful conduct.

### FIRST CAUSE OF ACTION
**Breach of Contract – Against Delivery Only**

27.     Mr. Nierstedt repeats and incorporates by reference herein the allegations set forth in the Paragraphs above.

28.     Mr. Nierstedt and Delivery Only are parties to the Engagement Letter, a binding and valid written contractual agreement.

29.     Mr. Nierstedt fully performed all his obligations under the Engagement Letter including, without limitation, making an equity investment totaling $7,950.00.

30.     Section 4 of the Engagement Letter provides that, in the event of Mr. Nierstedt's termination during the Probation Period, Mr. Nierstedt is entitled to the full return of his equity investment.

31.     Mr. Nierstedt's employment was terminated during the Probation Period, requiring Delivery Only's refund of the amounts invested by Mr. Nierstedt.

32.     Delivery Only has failed to repay $5,950.00 to Mr. Nierstedt pursuant to the terms of the Engagement Letter.

33.     Having received and accepted Mr. Nierstedt's equity investment, but failing to refund it in accordance with Section 4 of the Engagement Letter, Delivery Only has breached its contractual obligations.

34.     Mr. Nierstedt is owed, without limitation, the amount of $5,950.00, comprising the outstanding principal balance of this equity investment.

35.     As a direct and proximate result of Delivery Only's breach, Mr. Nierstedt has suffered damages in an amount to be established at trial.

**SECOND CAUSE OF ACTION**
**Unjust Enrichment – Against All Defendants**

36.     Mr. Nierstedt repeats and incorporates by reference herein the allegations set forth in the Paragraphs above.

37.     Defendants have been unjustly enriched at the expense of Mr. Nierstedt.

38.     By failing to repay the equity investment made by Mr. Nierstedt, Defendants are unjustly enriched by receiving the benefit of these monies to which Defendants are not entitled.

39.     As a direct result of the foregoing actions, Mr. Nierstedt has suffered damages in an amount to be determined at trial.

**THIRD CAUSE OF ACTION**
**Violations of Section 10(b) and Rule 10b-5 of the Exchange Act – Against All Defendants**

40.     Mr. Nierstedt repeats and incorporates by reference herein the allegations set forth in the Paragraphs above.

41.     This cause of action is asserted against all Defendants consisting of Delivery Only and the individual Defendants, and is based upon Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder by the SEC.

42.     Each of the Defendants, individually and in concert, directly or indirectly, disseminated or approved the false statements made during the meeting and communications on January 25, 2016, which they knew or deliberately disregarded were misleading in that they contained misrepresentations and failed to disclose material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading. This includes, among other things, Defendants' making misleading financial and operational

forecasts, and Defendants' failure to provide a private placement memorandum, operating agreement, or similar material documentation to Mr. Nierstedt in connection with the offering of securities.

43.     Defendants violated §10(b) of the 1934 Act and Rule 10b-5 in that they:

- employed devices, schemes and artifices to defraud;

- made untrue statements of material facts or omitted to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

- engaged in acts, practices and a course of business that operated as a fraud or deceit upon Plaintiff in connection with his purchase of equity interest in Delivery Only.

44.     Defendants acted with scienter in that they knew that the documents and statements made in connection with Delivery Only were materially false and misleading; knew that such documents and statements would be relied upon by Mr. Nierstedt; and knowingly and substantially participated, or acquiesced in the issuance or dissemination of such documents or statements, as primary violations of the securities laws.  Defendants, by virtue of their receipt of information reflecting the true facts and business condition of Delivery Only, their control over, and/or their associations with Delivery Only which made them privy to material business information concerning Delivery Only, participated in the unlawful scheme alleged herein.

45.     Messrs. Powell, Horstmeyer, and Hennche, who are members of Delivery Only, had actual knowledge of the material omissions and/or the falsity of the material statements set forth herein, and intended to deceive Mr. Nierstedt, or in the alternative, acted with reckless disregard for the truth when they failed to ascertain and disclose the true facts in the documents and statements made by them to Mr. Nierstedt.

46.     As a result of the foregoing, the price of the equity interested offered and sold to Mr. Nierstedt was artificially inflated.  Had Mr. Nierstedt been aware that the equity interest had been artificially and falsely inflated by Defendants' misleading and unlawful conduct, he would not have purchased the equity interest in Delivery Only at the price offered, or at all.

47.     Due to Defendants' violations of Section 10(b) and Rule 10b-5 of the Exchange Act, Mr. Nierstedt suffered damages by in amounts to be determined at trial, for which each of the Defendants is jointly and severally liable to Mr. Nierstedt.

**FOURTH CAUSE OF ACTION**
**Violation of Section 12(a)(2) of the Securities Act – Against All Defendants**

48.     Mr. Nierstedt repeats and incorporates by reference herein the allegations set forth in the Paragraphs above.

49.     By means of the devices, schemes, and artifices to defraud, by means of untrue statements of material facts and omissions to state material facts, and by engaging in the transactions and fraudulent practices, all as described herein, Defendants offered to sell and sold to Mr. Nierstedt, induced Mr. Nierstedt to purchase, and obtained money from Mr. Nierstedt in connection for equity interest in Delivery Only, all in violation of Section 12(a)(2) of the Securities Act and the rules and regulations promulgated thereunder.

50.     At the time of his equity purchase, Mr. Nierstedt was not aware of the falsities or omissions, and relied upon the truthfulness and completeness of such statements and documents to his detriment.

51.     Due to Defendants' violations of Section 12(a)(2) of the Securities Act and the rules and regulations promulgated thereunder, Mr. Nierstedt suffered damages in amounts to be determined at trial.

## FIFTH CAUSE OF ACTION
### Negligent Representation – Against All Defendants

52.     Mr. Nierstedt repeats and incorporates by reference herein the allegations set forth in the Paragraphs above.

53.     Defendants had a duty to impart correct information to Mr. Nierstedt in connection with his equity investment, as Defendants possess unique and specialized expertise and information regarding Delivery Only, and occupy a special position of confidence and trust.

54.     Defendants provided false and incorrect information to Mr. Nierstedt prior to Mr. Nierstedt making his investment in Delivery Only, including, but not limited to, misrepresenting the financial condition and projections of the company.

55.     Defendants had no reasonable grounds for believing such representations were true, and intended that Mr. Nierstedt rely on their representations.

56.     Mr. Nierstedt was unaware of the truth and reasonably relied upon Defendants' representations.

57.     As a direct and proximate result of Defendants' representations, Mr. Nierstedt has suffered damages in an amount to be proven at trial, including, without limitation, punitive and exemplary damages.

## PRAYER FOR RELIEF

WHEREFORE, Mr. Nierstedt respectfully requests that the Court award the following relief:

A.     That judgment be entered for Mr. Nierstedt on all claims pleaded in this Complaint;

B.      Awarding Mr. Nierstedt damages for the full amount of the unpaid principal

balance of his equity investment in Delivery Only;

C.      Awarding Mr. Nierstedt punitive and exemplary damages;

D.      Awarding Mr. Nierstedt pre-judgment and post-judgment interest;

E.      Awarding Mr. Nierstedt attorneys' fees and costs;

F.      That Defendants are jointly and severally liable for all amounts awarded; and

G.      Awarding such other relief that the Court deems just.

## **JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial

by jury.


Dated: September 18, 2018

Respectfully Submitted,

TATKO LAW FIRM, PLLC

By: _____
                Travis M. Tatko (TT7349)
                43 W. 43rd St., Suite 118
                New York, NY 10036
                Telephone: (212) 804-8401
                E-mail: Travistatko@nysbusinesslaw.com

                *Attorney for Plaintiff Joseph Nierstedt*

11